770 F.2d 167
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
GILBERT SPRINGSTON, PLAINTIFF-APPELLANT,
v.
PACIFIC INTERMOUNTAIN EXPRESS CO.; INTERNATIONAL BROTHERHOOD
OF THE TEAMSTERS, CHAUFFEURS, WAREHOUSEMEN AND HELPERS OF
AMERICA AND LOCAL UNION 24; GEORGE RASMUSSEN; MARK GARDNER;
CHARLES WIEDIE; FRED DAVIS, DEFENDANTS-APPELLEES.
 NO. 84-3559
 United States Court of Appeals, Sixth Circuit.
 7/25/85
 
 N.D.Ohio
 AFFIRMED
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO
 Before: MARTIN and WELLFORD, Circuit Judges; and PECK, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 This is a timely filed hybrid section 301/unfair representation case. The plaintiff was discharged in irregular circumstances, apparently because of his supervisor's hostility. The district court granted summary judgment on the ground that the union's representation was not unfair.
 
 
 2
 Plaintiff protests that there was considerable evidence that the union's representation was unfair. The union's business agent, who represented the plaintiff in the grievance proceedings, failed to make protests at crucial points in the proceedings, made little preparation, and without warning required the plaintiff to make his own defense in the final proceeding. Plaintiff, however, was himself well experienced in representing grievants and was at least as capable of representation as the business agent. See Dober v. Roadway Express, 707 F.2d 292, 295 (7th Cir. 1983). We have examined the record and are in agreement with the district court that plaintiff has not met his burden of showing unfair representation.
 
 
 3
 The plaintiff also argues that the Teamsters grievance proceedings are concerned only with union power rather than fairness to the employee, so that a grievant without strong union support has no chance regardless of the merits of his claims. We are bound by this Court's prior holding that decisions made by joint employer-union grievance panels, like the one in this case, are entitled to the same deference as that given to the decision of an arbitrator under national labor law. Teamsters Freight Employees Local Union No. 480 v. Bowling Green Express, 707 F.2d 254, 266 (6th Cir. 1983).
 
 
 4
 Plaintiff also asks us to remand to state court for consideration of his state court claims, primarily for outrageous infliction of emotional distress. Such claims are not preempted by federal labor law, provided that the state tort is either unrelated to employment discrimination or a function of the particularly abusive manner in which the discrimination is accomplished or threatened rather than a function of the actual or threatened discrimination itself. Farmer v. United Brotherhood of Carpenters, 430 U.S. 290, 305 (1977). Springston stated at deposition that all of his claimed emotional damages were the result of his discharge. Deposition of Gilbert D. Springston at 146. The state claims are therefore preempted.
 
 
 5
 The judgment is affirmed.